**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ESTATE OF JOHN SCHROEDER by
and through DAWN TUCKER,
ADMINISTRATRIX,                          Civ. No. 1:22-cv-01208-NLH-EAP

              Plaintiff,    **OPINION and ORDER**

     v.

PORT AUTHORITY TRANSIT
CORPORATION, et al.,

              Defendants.

---

**APPEARANCES**:

A. MICHAEL BARKER
TODD J. GELFAND
BARKER, GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD SUITE 12
LINWOOD, NJ 08221

*Attorneys for Plaintiff*

NICHOLAS MICHAEL DONZUSO
WOOD SMITH HENNING & BERMAN LLP
LITIGATION
1760 MARKET STREET, SUITE 1001
PHILADELPHIA, PA 19103

SILVIO A. TRENTALANGE
DILWORTH PAXSON LLP
1500 MARKET STREET, STE 3500E
PHILADELPHIA, PA 19102

*Attorneys for Defendants*

**HILLMAN**, **District Judge**

    WHEREAS, Plaintiff filed a complaint in this Court on March

4, 2022, alleging violations of the Federal Employer's Liability

Act ("FELA"), Federal Locomotive Inspection Act ("LIA"), the

Federal Safety Appliances Act ("FSAA"), and state law claims of

negligence and wrongful death against defendants Port Authority

Transit Corporation ("PATCO") and Delaware River Port Authority

("DRPA") (collectively, "Defendants") (ECF 1);

WHEREAS, Plaintiff alleged in the complaint subject matter

jurisdiction premised on federal question jurisdiction pursuant

to 28 U.S.C. § 1331 for the claims arising under FELA, and

supplemental jurisdiction pursuant to 28 U.S.C. ¶ 1367 for the

state law claims (ECF 1 at ¶¶ 4-6);

WHEREAS, Defendants filed an answer on May 5, 2022 (ECF

10);

WHEREAS, on December 22, 2022, Defendants filed a Motion to

Dismiss for Lack of Subject Matter Jurisdiction ("Motion to

Dismiss") (ECF 27);

WHEREAS, in the Motion to Dismiss, Defendants allege that

this Court does not have federal question jurisdiction pursuant

to 28 U.S.C. § 1331 because they allege that Plaintiff cannot

state a claim under FELA, as FELA does not apply to PATCO.  (ECF

27 at 7).  Thus, because jurisdiction is premised on Plaintiff's

FELA claims, there is no federal question jurisdiction.  (Id.).

Defendants further assert that the Court therefore also lacks

supplemental jurisdiction (Id.);

WHEREAS, whether PATCO is subject to FELA is a novel

question before this Court;

WHEREAS, on December 22, 2022, Defendants filed a Motion for Stay of Discovery, seeking to stay all discovery until their Motion to Dismiss is resolved (ECF 28);

WHEREAS, on January 23, 2023, Plaintiff filed a letter brief in opposition to Defendants' Motion to Stay, requesting that jurisdictional discovery be permitted to proceed in order to better address the question of subject matter jurisdiction that the Motion to Dismiss raises (ECF 33);

WHEREAS, on January 27, 2023, Defendants filed a letter in reply to Plaintiff's opposition to Defendants' Motion to Stay (ECF 35);

WHEREAS, on February 7, 2023, Plaintiff filed its Response in Opposition to Defendants' Motion to Dismiss, arguing that PATCO is subject to FELA and reiterating its request for jurisdictional discovery (ECF 37);

WHEREAS, on February 27, 2023, Defendants filed their Reply in support of their Motion to Dismiss (ECF 43);

WHEREAS, following Court approval, on March 24, 2023, Plaintiff filed a Sur-Reply in Opposition to Defendants' Motion to Dismiss (ECF 47);

WHEREAS, where the Court's jurisdiction is in question and unless a plaintiff's claim is "clearly frivolous," generally jurisdictional discovery should be permitted.  Massachusetts

School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d

1026, 1042 (3d Cir.1997);

WHEREAS, Defendants' challenge to subject matter

jurisdiction is a factual attack, allowing this Court to weigh

and consider evidence outside of the pleadings.  See Gould

Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000);

THEREFORE, it is on this 17th day of May 2023,

**ORDERED** that Plaintiff's request for jurisdictional

discovery be, and the same hereby is, GRANTED; and it is further

**ORDERED** that Defendants' Motion to Stay (ECF 28) be, and

hereby is, GRANTED as to discovery related to liability and

damages and DENIED in part as to jurisdictional discovery; and

it is further

**ORDERED** that Defendants' Motion to Dismiss (ECF 27) be, and

hereby is, DENIED without prejudice.


At Camden, New Jersey                    s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.